## SCHMIDT et al. v. CITY OF DEFIANCE.

(Circuit Court, N. D. Ohio, W. D. February 10, 1902.)

1. MUNICIPAL CORPORATIONS—BONDS—VALIDITY.

Rev. St. Ohio, § 1764, provides that the city council shall provide a certain seal for the city clerk's office. Section 1745 provides that the mayor shall be furnished by the council with the corporate seal of the corporation, in the center of which shall be the words, "Mayor of the city of ———." Section 1552 provides that municipal corporations may have a common seal, and change or alter the same at pleasure. A municipal corporation had no such seal as prescribed by the statute, and bonds issued by it were sealed by the seal of the city clerk, and it appeared that the seal of the city clerk had been used on prior issues of bonds. *Held*, that it would be assumed that such seal had been adopted as that of the city, and the corporation could not set up the absence of a proper seal.

2. SAME—RECITALS—ESTOPPEL.

Rev. St. Ohio, § 1764, provides that the city council shall provide a certain seal for the city clerk's office. Section 1745 provides that the mayor shall be furnished by the council with the corporate seal of the corporation, in the center of which shall be the words, "Mayor of the city of ———." A city having no seal in conformity with section 1745 issued bonds sealed with the seal of the city clerk. *Held*, that recitals in the bond to the effect that the seal attached was the corporate seal estopped the corporation to deny the validity of the seal.

3. SAME—RECITALS AS TO AUTHORITY.

Section 1693, Rev. St. Ohio, provides no obligation shall be entered into by a city save by ordinance of the council. Section 1678 gives the council control of the finances of the city, and section 2706 provides that all bonds shall be signed by the mayor. Municipal bonds recited that

---

¶ 3. Bona fide purchasers of municipal bonds, see note to Pickens Tp. v. Post, 41 C. C. A. 6.

all proceedings, acts, etc;, required by statutes and ordinances to be had preliminary to the issue thereof had been taken. In an action on the bonds defendant contended that, since it appeared that the recitals contained in the bonds to the effect that "all the proceedings required by statutes or ordinances had been duly and legally taken by said city," were inserted by the mayor and clerk without authority, they were of no effect to estop the city to prove the contrary. *Held*, that the contention was of no merit, as the statutes contemplate co-ordinate action of the council and mayor, and the purchaser was exempted from knowing that the ordinance did not authorize the recital.

**4. SAME—STATUTORY AUTHORITY—INVALID SPECIAL ACT—GENERAL STATUTE.**
By Rev. St. Ohio, § 2835, councils of any municipality are authorized, whenever it is desired by the voters, to issue and sell bonds for the purpose of constructing bridges and culverts. Act Feb. 3, 1887 (84 Ohio Laws, p. 273), authorized the city council of the city of Defiance to borrow money for the purpose of building a bridge, and to issue bonds therefor. *Held* that, even if the act of 1887 was unconstitutional, the bonds issued thereunder, and which recited the authority of the act, were not invalid, there being sufficient authority conferred by section 2835.

Action by John W. Schmidt and others against the city of Defiance. Judgment for plaintiffs.

Doyle & Lewis, for plaintiffs.

W. H. Hubbard and Harris, Cameron & Shaw, for defendant.

WING, District Judge. In the suit at law, in which a jury has been waived and trial had by the court, it appears that on April 1, 1889, the city of Defiance, a municipal corporation of the fourth grade, second class, issued its bonds in the sum of $50,000, one-half thereof to mature April 1, 1899, and one-half April 1, 1909, with interest, represented by coupons attached. There are 200 causes of action set forth in the petition, each cause of action being a coupon for the payment of $25 as interest. One of the allegations of the answer is as follows:

"And said defendant further says that at all times since said 19th day of March, A. D. 1889, said city of Defiance was, by the terms and provisions of the general laws of the state of Ohio relating to municipal corporations, required to have, and did have, a corporate seal, whereof the mayor of said city was, by said general laws, required to have, and in fact did have, custody and control; yet, notwithstanding the fact that said city of Defiance had a corporate seal, in the custody and control of its said mayor, as aforesaid, and notwithstanding the provisions of the general laws of the state of Ohio relating to municipal corporations, * * * the said so-called bonds mentioned in the petition were not and are not, nor were nor are, either of them, sealed with the seal of said corporation; by reason whereof, and for the want of such seal of said corporation, said so-called bonds are not, and never became or were, negotiable, and are not, and never became or were, obligations of said city."

In reply to this defense the plaintiffs, in substance, say that the seal attached to the bonds was recited in the bond to be the corporate seal of the city, and placed thereon by the mayor and clerk, as such seal, to induce parties to buy the bonds, and was so relied upon, and is the same seal used as a corporate seal both before and after the issuance of these bonds; and that, therefore, the defendant is estopped to deny the validity of the seal. From an inspection of the bonds it appears that a seal was impressed upon each bond, which had in its center the words "City of Defiance," and, in the

margin, the words "City Clerk" and "Ohio." This form of seal is the one prescribed for the use of the city clerk, except that it has the additional word "Ohio" in the margin with the words "City Clerk." There is testimony introduced by the defendant to the effect that the mayor had a seal, in the center of which was the same device as that of the seal of the state of Ohio, and around said device the words "Mayor of the City of Defiance." Section 1764, Rev. St. Ohio, provides that: "The council shall cause to be provided for the clerk's office a seal, in the center of which shall be the name of the corporation, and around the margin the words 'City Clerk.'" Section 1745, Rev. St., provides that the mayor "shall be furnished by the council with the corporate seal of the corporation, in the center of which shall be the words, 'Mayor of the City of ———.'" It therefore appears from the proof that the city of Defiance, at the time of the issuance of these bonds, had no seal which complied with this provision of the statute. Section 1552, Rev. St., provides, among other things, that "municipal corporations" may "have a common seal, and change or alter the same at pleasure." The seal used upon the bonds in question had been used many times before to authenticate bonds of the city of Defiance. I have no doubt, from the proof, that it was intended by the officers of the city of Defiance that this seal should be used as the seal of the city in the issuance of the bonds to which these coupons were attached. It is recited in the bonds themselves that the seal is the seal of the city of Defiance.

A bill is filed by the plaintiffs, on the equity side of the court, setting up these facts with respect to the seal used on these bonds, and praying that the defendant, the city of Defiance, be compelled to affix the city seal to these bonds, or that it be enjoined from setting up the want of a seal as a defense. Both cases are before me. The defense in the case at law, which alleges that the bonds are not sealed with the seal of the city of Defiance, is without merit. In one view of the testimony, the allegation of the answer is unsupported, because it may be assumed that, the city having no seal, the use of the seal which was used on these bonds and the prior issues is evidence of the adoption of that seal as the seal of the city. Another view might be taken of the testimony, which would result in finding that, for the purposes of these bonds, the seal attached must be held to be the seal of the city of Defiance, because of the recital contained in the bonds. Upon either view of the testimony, it would be inequitable for the city of Defiance to set up this defense. One of the prayers of the bill is, therefore, granted; that is, that the city of Defiance be and is enjoined from setting up, in defense to the action at law upon the coupons, the absence of the proper seal. We then come to the defenses raised by the answer which relate to the absence of prerequisite proceedings to the issuance of the bonds, such as a vote of the people, and a vote upon the ordinance authorizing the issuance of the bonds, etc. The solution of this question depends upon the effect of the recitals contained in the bonds, which are as follows:

"This bond is issued under and pursuant to the laws of the state of Ohio, and of an act of the general assembly of the state of Ohio, passed February 3, 1887 (84 Ohio Laws, p. 273), entitled 'An act to authorize the council

of the city of Defiance, Ohio, to borrow money for the purpose of building a bridge'; and which act authorized and empowered the said city council to issue bonds, not to exceed the sum of fifty thousand dollars, for the purpose of building a bridge over the Maumee river in said city, and which act further provided that 'said bonds shall be of such denominations and bear such rate of interest, not exceeding six per cent., payable semi-annually, and mature at such times, not exceeding twenty-five years, as said council may determine'; and in pursuance of the resolution of the said city council of the city of Defiance, Ohio, duly and unanimously passed, declaring the necessity of the construction of said bridge, and the ordinance of the said city of Defiance, entitled 'An ordinance of the city of Defiance, Ohio, to provide for the issue and sale of bonds of said city, for the purpose of building over the Maumee river in said city a good and substantial bridge, with the necessary approaches thereto, and having on each side thereof a good and sufficient sidewalk,' duly and unanimously passed on the 19th day of March, in the year A. D. 1889, by the city council of Defiance, and for the purposes therein set forth; and it is hereby specially declared that all the proceedings, acts, conditions, and things required either by said statutes or ordinances to be had or taken preliminary to the issue hereof have been duly had and taken by said city of Defiance and its officers and agents. In testimony whereof the said city of Defiance has hereunto caused its corporate name and seal to be set by the mayor and clerk thereof, hereunto duly authorized by said statutes and ordinances, this first day of April, in the year one thousand eight hundred and eighty-nine.

"The City of Defiance, Ohio,
"By Fred L. Hay, Mayor.
"M. B. Gorman, City Clerk."

It is urged by counsel for the defendant that by section 1678, Rev. St. Ohio, the legislative authority of the city is vested in its council; that by the same section it was given the management and control of the finances of the city; that by section 1693, Rev. St., the power of creating obligations to bind the corporation is confined to the city council; that, consequently, since it appears that the recitals contained in the bonds to the effect that "all the proceedings, acts, conditions, and things required either by said statutes or ordinances to be had or taken preliminary to the issue hereof" have been duly and legally taken by said city of Defiance, and its officers and agents, were unauthorized, and were inserted by the mayor and clerk without authority, they are of no effect to estop the city of Defiance to allege and prove the contrary. The statutes of Ohio contemplate two classes of agencies to be used in the issuance of municipal bonds,—the council of the city, and its mayor and clerk. It would not be claimed, I fancy, that a bond signed solely by the council of a city would be of any binding effect upon the city. It is contemplated, I think, by the statutes of Ohio, that through the co-ordinate action of these agencies a paper writing becomes in appearance the valid negotiable obligation of the city, inviting the extension of credit to it. It would be a breach of duty for a mayor to sign a bond the issuance of which had not been authorized by the council. The converse of this must be true,—that it is in the performance of duty that he signs a bond. Section 2706, Rev. St. Ohio, provides that all bonds shall be signed by the mayor. The question must always arise in the mind of the mayor, when he comes to act in behalf of the city by affixing his name to a bond, "Have or have not the necessary and proper steps been taken to make it

117 F.—45

my duty to sign this bond"? It is plain that it would be a breach of duty for the mayor of a city to sign bonds containing untruthful recitals with respect to matters and things required to be done to constitute the bonds valid. But whenever it becomes a question between an innocent purchaser of bonds in the market and the city purporting to issue them as to which should be the loser by the breach of duty by the city's officer, I think I am warranted, by a long course of decisions (of the federal courts, at least), in saying that such questions should be solved in favor of the innocent purchaser. It has been repeatedly held by the supreme court of the United States—more especially in City of Evansville v. Dennett, 161 U. S. 434, 16 Sup. Ct. 613, 40 L. Ed. 760—that the recital in a bond that it is issued in pursuance of an act of the legislature and ordinances of the city council passed in pursuance thereof does not put a purchaser upon inquiry as to the terms of the ordinances under which the bonds were issued. If he is exempted from looking at the ordinances, he must be exempted from knowing, in the case at bar, that the ordinance did not authorize the recitals upon which the plaintiffs depend. If the argument of defendant's counsel can prevail, it would also prevail against the untruthful recital, although authorized by the ordinance of the city council, because it would be a breach of duty, as between the city council and the citizens, and therefore beyond the power of the council to make, or authorize the making of, such untruthful recitals.

When it is urged that the act of February 3, 1887, is unconstitutional, it may be replied that there is other authority in the statutes of Ohio for the issuance of bonds by cities for bridge purposes. By section 2835, Rev. St. Ohio, councils of any municipality are authorized, whenever it is desired by the voters of such township or municipal corporation to make the improvement, to issue and sell their bonds for the purpose of constructing bridges and culverts. If it be conceded that the act of 1887 was and is unconstitutional, and furnished no authority for the issuance of these bonds, nevertheless there was sufficient authority under the section referred to. So it may be said, as a matter of law, that the city of Defiance had power to issue these bonds, although the particular statute referred to was unconstitutional. It is now firmly established by decisions that, if a municipality has power to and does issue bonds containing recitals of fact, and such bonds come into the hands of innocent purchasers, such city is estopped from denying the truthfulness of such recitals. If, in this case, the city of Defiance cannot be heard to allege or prove things contrary to the recitals of the bonds whose coupons are in controversy, the other defenses than that with respect to the absence of the seal must fail.

In the suit at law judgment should be entered for the plaintiffs in the sum of $7,751.96.